United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41269

_____

SHEILA WALDEN

Plaintiff - Appellee

v.

CROWN EQUIPMENT CORPORATION

Defendant - Appellant

_____

Appeal from the United States District Court
For the Eastern District of Texas, Marshall
(2:01-CV-118-TJW)

_____

Before KING, Chief Judge, DAVIS and BENAVIDES, Circuit Judges

PER CURIAM:[*]

In this appeal Crown Equipment Corporation primarily challenges the district court's evidentiary ruling allowing John Sevart, the Plaintiff's expert witness, to testify. The defense focuses on the lack of a scientific methodology for Sevart's testimony that it would be safer for Crown to manufacture the forklift with a door even though it would mean the operator must

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stay with the machine in a tip-over or off-the-dock accident. However, under Arkansas law, the plaintiff is not required to establish that a safer alternative design exists. French v. Grove Manufacturing Co., 656 F.2d 295, 298(8th Cir. 1981). We agree with Crown that Sevart's testimony had serious deficiencies regarding the methodology he used in arriving at his conclusion that placing a door on a stand-up forklift would result in a safer machine because more people would be injured, but less severely.  But, the Plaintiff was not required to establish this fact and it did not attempt to do so in presenting its case. Sevart's testimony that other manufacturers made stand-up forklifts with doors was unchallenged.  Given the peculiarities of Arkansas products liability law on this point, we are satisfied that the district court did not abuse its discretion in allowing Sevart to testify.

We also find no merit to Crown's argument that the evidence was insufficient to permit a finding that the absence of a door on the machine was a proximate cause of Walden's injury.

AFFIRMED.